IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 1:14cr417 |
| **DERYKE MATTHEW PFEIFER** | ) | (WO) |

OPINION AND ORDER

It is charged defendant Deryke Matthew Pfeifer "did knowingly and willfully make a threat to take the life of, to kidnap, and to inflict bodily harm upon the President of the United States of America," in violation of 18 U.S.C. § 871(a). Indictment (doc. no. 13). The question now before the court is whether Pfeifer's jury selection and trial should be continued generally, pursuant to 18 U.S.C. § 3161(h). The court concludes that the answer is "yes."

While the granting of a continuance is left to the sound discretion of the trial judge, United States v. Stitzer, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(c)(1). The Act excludes from the 70-day period any "delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant." 18 U.S.C. § 3161(h)(1)(A). The Act also excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

The court finds that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Pfeifer in a speedy trial. By order entered today, the court has concluded, first, that

Pfeifer is currently not mentally competent to stand trial and, second, that he should be committed to the custody of the Attorney General for a reasonable period of time, not to exceed four months, for a determination of whether he will attain competency within the foreseeable future.  The jury selection and trial of this cause should be continued generally, pending resolution of the issue of Pfeifer's mental competency.

***

Accordingly, it is ORDERED that the jury selection and trial of this cause are continued generally, pending determination of defendant Deryke Matthew Pheifer's mental competency to stand trial.

DONE, this the 6th day of October, 2014.

    /s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE