IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )    CRIMINAL ACTION NO.
    v.                      )       1:14cr417-MHT
                            )            (WO)
DERYKE MATTHEW PFEIFER      )
```

OPINION AND ORDER

In this criminal case it is charged that defendant Deryke Matthew Pfeifer "did knowingly and willfully make a threat to take the life of, to kidnap, and to inflict bodily harm upon the President of the United States of America," in violation of 18 U.S.C. § 871(a). This case is before the court on three questions, each of which the court answers with this opinion and order.

The first question is whether Pfeifer has the mental competency to stand trial, that is, whether he is able to understand the nature and consequences of the proceedings against him and assist properly in his defense.  The answer, as explained below, is, "No." The second question is whether Pfeifer should be returned to the custody of the Bureau of Prisons for a

determination of whether there is a substantial probability that, within a reasonable period of time, he will attain the mental capacity to permit the proceedings to go forward.  The answer, as explained below, is, "Yes."  And the third and final question is whether, while the Bureau of Prisons is determining the probability that Pfeifer will attain mental capacity, the Bureau should also determine whether he was insane at the time of the alleged offense.  The answer, as explained below, is also, "Yes."

QUESTION 1

Previously, this court found Pfeifer to be incompetent to stand trial.  This first opinion was based on a report by licensed clinical-psychologist and defense-expert Dr. Karl Kirkland and on the agreement of counsel for both the government and Pfeifer that the court could make a finding, as to Pfeifer's mental competency to stand trial, without a hearing.  Dr.

2

Kirkland had determined that Pfeifer's severe mental disorder, which includes a "paranoid delusional system," "unspecified psychotic disorder," and "Bipolar Disorder," prevents him from being able to work with his attorneys.  See Competency Evaluation of Dr. Karl Kirkland, dated July 14, 2014, at 9 (doc. no. 21).  Dr. Kirkland concluded that Pfeifer is not currently competent to stand trial.  Id. at 8.

However, after the court issued its finding, Pfeifer personally submitted to the court a statement that he believes he is sane.  The court responded with an order vacating its previous opinion and setting an evidentiary hearing, with Pfeifer present, to make a de novo determination of his mental competency.  The court believed that the issue of competency is too important to be waived or consented to by counsel over a defendant's objection and without a hearing, if there is no reason why the defendant cannot be present and personally confront the court with his contention that

3

he is sane.  The court also issued a separate order to the Federal Bureau of Prisons, to which Pfeifer had already been previously committed for a competency evaluation, to complete its own evaluation of Pfeifer.

Pursuant to this separate order, Dr. Judith Campbell, a forensic psychologist employed by the Bureau of Prisons, submitted a report to the court. She reported that Pfeifer refused to participate in psychological testing throughout the evaluation period. Instead, Dr. Campbell's evaluation was based primarily on her observations of Pfeifer during his time in custody; review of Pfeifer's phone calls, email correspondence, and written requests to facility staff; and videos posted by Pfeifer on the internet prior to his commitment.  Dr. Campbell found that Pfeifer's ability to "perceive reality correctly or think clearly or rationally about the pending criminal charge against him," as well as his ability to assist his attorney in preparing his defense, was impaired by his mental

illness.  See Forensic Report of Dr. Judith Campbell, dated October 16, 2014, at 5 (doc. no. 37).  Dr. Campbell diagnosed Pfeifer with "Delusional Disorder, Grandiose and Persecutory Types."  Id.  She did not reach a conclusion on Bipolar Disorder or Schizophrenia.  Id.  Dr. Campbell concluded that, in her opinion, Pfeifer is not currently competent to stand trial.  Id. at 6.

At an evidentiary hearing held on October 23, 2014, the court heard testimony from Pfeifer, Dr. Kirkland, and Dr. Campbell.  Both doctors discussed their qualifications, the bases for their opinions, and their diagnostic impressions.  In particular, Dr. Kirkland discussed Pfeifer's delusional beliefs regarding relationships with God and President Obama, as well as his manic state, which had been exacerbated by a severe fast.  Dr. Campbell discussed Pfeifer's hyper-religiosity and how his beliefs fell far outside the scope of mainstream religious beliefs, as well as

5

her opinion that Pfeifer was not able to comprehend and synthesize accurately information she had conveyed to him regarding her role or his criminal case.  Finally, at the hearing, Pfeifer spoke to his religious beliefs, in addition to his belief that he has been a target of several government agencies.

After reviewing the competency reports and hearing from these witnesses, the court now concludes that Pfeifer is currently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him and to assist properly in his defense.  <u>See</u> 18 U.S.C. § 4241(d).  In short, the court finds that, currently, Pfeifer is not mentally competent to stand trial.


QUESTION 2.

Once a defendant has been found incompetent to stand trial pursuant to 18 U.S.C. § 4241, the court

6

must order, pursuant to subpart (d)(1) of § 4241, that the defendant be committed to the Attorney General for hospitalization until it can be determined whether a substantial probability exists that within the foreseeable future the defendant will regain the capacity to be tried.  United States v. Donofrio, 896 F.2d 1301, 1302 (11th Cir. 1990).  Section 4241(d)(1) limits the defendant's confinement to four months, and any additional period of confinement depends upon the court's finding there is a substantial probability "that within the additional time he will attain capacity to permit trial, 18 U.S.C. § 4241(d)(2)(A), or if he is found to create a substantial risk to himself and to others, pursuant to 18 U.S.C. § 4246." Donofrio, 896 F.2d at 1303.

Accordingly, pursuant to § 4241(d)(1), the court will order that Pfeifer be committed to the custody of the Attorney General for a reasonable period of time, not to exceed four months, so that the Bureau of

7

Prisons can determine whether there is a substantial probability that in the foreseeable future Pfeifer will attain the capacity to permit the criminal proceedings against him to go forward.  Although Dr. Campbell's report concludes that a substantial probability now exists, the court notes that her evaluation did not rely on any independent psychological testing, nor did she provide specific facts regarding Pfeifer's potential for improved mental condition.  The court will therefore refrain from making a finding on this issue until further assessment by the Bureau of Prisons.

The court will further order that, once a determination is made as to whether Pfeifer can be restored and before the expiration of the four-month statutory period, the Bureau of Prisons is to prepare and file a psychological report with this court, summarizing the course of Pfeifer's treatment and evaluation and stating its findings, opinions, and

8

conclusions regarding Pfeifer's attainment of competency to proceed in this case and whether there is a substantial probability that Pfeifer will, in the foreseeable future, attain the capacity to permit trial to proceed.  Once the court receives this report, it will determine whether Pfeifer's commitment period need be extended, pursuant to 18 U.S.C. § 4241(d)(2), for an additional reasonable period until his mental condition is so improved that trial may proceed.

If, at the end of this period, Pfeifer has become competent to stand trial and the court has so determined, the competency proceedings will end and the criminal trial should ensue.  See 18 U.S.C. § 4241(e).  However, should the court determined that Pfeifer is not competent to proceed to trial, the court will then assess whether Pfeifer must be detained indefinitely pursuant to § 4246 or whether he should be released without trial.

QUESTION 3.

Finally, counsel for Pfeifer has indicated to this court that, if Pfeifer is restored to competency, he intends to raise the defense of insanity at the time of the offense.  Dr. Kirkland deferred his own assessment of Pfeifer's mental state at the time of the alleged offense until Pfeifer could be restored to competency, so that Pfeifer's mental illness would not "interfere with logical thinking and use of judgment and decision-making" in discussing his actions and motives at the time of the offense.  <u>See</u> Competency Evaluation of Dr. Karl Kirkland, dated July 14, 2014, at 8 (doc. no. 21).

Ordinarily, a court orders a psychological examination, to determine insanity at the time of the offense, only after a defendant has filed a notice pursuant to Federal Rule of Criminal Procedure 12.2 and the government has made a motion for such examination. 18 U.S.C. § 4242(a); Fed.R.Crim.Pro. 12.2(a) and (c).

10

Here, the government has moved for an examination pursuant to § 4242 even though Pfeifer has not yet filed such notice.  The government's motion was based, in part, on defense counsel's representation that he will file this notice after Pfeifer has been arraigned.

Rule 12.2 is not the exclusive source of the power to order a mental examination, as the court, in its inherent powers over the administration of criminal justice, has the authority to order a psychological examination under appropriate circumstances.  See United States v. McSherry, 226 F.3d 153, 155-56 (2d Cir. 2000) (collecting cases).  When a defendant does not knowingly and voluntarily request a psychological examination for the insanity determination, an order requiring the examination may raise a Fifth Amendment concern, though "courts have regularly surmounted this hurdle when the Government has asked for such an examination after the defendant has raised the insanity defense and has introduced or has indicated that he

11

will introduce" testimony of his own examining psychiatrist. United States v. Malcolm, 475 F.2d 420, 425 (9th Cir. 1973); see also United States v. Byers, 740 F.2d 1104 (D.C. Cir. 1984) (noting uniformity among "virtually all" courts of appeals that "where the defendant has interposed the defense of insanity, the Fifth Amendment's privilege against self-incrimination is not violated by a court-ordered psychiatric examination").

Here, defense counsel has already attempted to conduct this examination by his own expert; he has indicated that he will file the appropriate motion after arraignment; and he has orally requested that the court order the Bureau of Prisons to attempt this examination during the upcoming competency-related commitment. The court finds that these circumstances provide a sufficient basis to overcome any Fifth Amendment concern and to empower this court to order this examination.

12

Moreover, aside from the Fifth Amendment concern, both the government and defense counsel ask that the insanity determination be made now as a convenience to Pfeifer. Should it be determined that Pfeifer has become mentally competent for the trial to proceed, the parties want to avoid having to commit and send him off again for an insanity determination if that determination can be made now during the competency commitment resulting from this order.

Therefore, the court will order that, if, during the course of the current competency commitment, Pfeifer's mental condition is so improved that the Bureau of Prisons is able to make an insanity determination, the Bureau is to examine Pfeifer and make a determination of whether he was insane at the time of the charged offense.

\* \* \*

**Accordingly, it is ORDERED as follows:**

**(1) It is declared, pursuant to 18 U.S.C. § 4241(d), that defendant Deryke Matthew Pfeifer is currently mentally incompetent to stand trial in this cause, that is, defendant Pfeifer is currently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him and to assist in his defense.**

**(2) Pursuant to 18 U.S.C. § 4241(d)(1), defendant Pfeifer is recommitted to the custody of the Attorney General for such reasonable period of time, not to exceed four months from the date of his admission to the appropriate federal mental-health facility, as is necessary for the Federal Bureau of Prisons to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the trial to proceed.  Also, not later than four months from the date of defendant**

14

Pfeifer's admission to the appropriate federal mental-health facility, the examiners designated to conduct or supervise defendant Pfeifer's treatment shall file with this court and counsel of record a psychological report, in writing, that shall summarize the course of defendant Pfeifer's treatment and evaluation and state their findings, opinions, and conclusions regarding defendant Pfeifer's attainment of competency to proceed in this case and whether there is a substantial probability that in the foreseeable future defendant Pfeifer will attain the mental capacity to permit trial to proceed.

(3) The Bureau of Prisons shall also, if possible, conduct an examination as to whether defendant Pfeifer was insane at the time of the offense charged. If such an evaluation is conducted, the psychological report described above should include the examiners' opinions as to whether Pfeifer was insane at the time of the offense charged.

15

**The clerk of court is DIRECTED to furnish a copy of this order via facsimile to Francisco J. Quintana, Warden, Federal Bureau of Prisons Federal Medical Center at Lexington, Kentucky.**

**DONE, this the 24th day of November, 2014.**

             /s/ Myron H. Thompson             
            **UNITED STATES DISTRICT JUDGE**