IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 1:14cr417-MHT |
| | ) | (WO) |
| DERYKE MATTHEW PFEIFER | ) | |

ORDER

Having put into immediate effect the court's order (doc. no. 88) permitting the government to medicate defendant Deryke Matthew Pfeifer involuntarily (doc. no. 140), it is ORDERED that the following conditions shall apply to the government's efforts to restore defendant Pfeifer's competency:

(1) The order permitting the government to medicate defendant Deryke Matthew Pfeifer shall remain in effect for a period no longer than five months. This period allows the government to proceed to treat defendant Pfeifer as outlined in the testimony of Drs. Carlton Pyant and Alton Williams at the <u>Sell</u> hearing in this case; that is, by first encouraging Pfeifer to agree voluntarily to take oral medication, followed, if defendant Pfeifer refuses to comply voluntarily after a

reasonable time, by a four-month period of involuntary medication as proposed in the forensic evaluation (doc. no. 51).  The court finds that the five-month time period is reasonable because there is a substantial probability that within such time defendant Pfeifer will attain the capacity to permit the proceedings to go forward.  18 U.S.C. § 4241(d)(2)(A).

(2) If defendant Pfeifer has not been restored to competence within the five-month period, the government may apply to the court for an additional reasonable period of time if there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward.  See 18 U.S.C. § 4241(d)(2)(A).  The government must justify any continued commitment beyond the five-month period by progress toward that goal.

(3) Defendant Pfeifer's treating doctors shall file monthly progress reports with the court during the treatment period, with the last report being filed at least three weeks before the end of the five-month period

and concurrently with any request to extend the period. The monthly progress reports should describe, in detail, defendant Pfeifer's progress towards competency and any side-effects experienced.  If there is a change in relevant circumstances, including changes in defendant Pfeifer's medical condition, defendant Pfeifer or the government may move at any time to amend the order permitting the government to medicate defendant Pfeifer involuntarily (doc. no. 88).  If defendant Pfeifer is restored to competence, a report shall be filed with the court discussing the results of the treatment, whether and how the medications will affect defendant Pfeifer at trial, and how to monitor for effects of the treatment throughout trial. If, on the other hand, it is determined that the treatment has failed, the government shall file a report so advising the court and assessing defendant Pfeifer's current mental and physical condition.

(4) The time period for treating defendant Pfeifer and for filing monthly progress reports shall begin to

run upon defendant Pfeifer's arrival at the appropriate facility.

DONE, this the 4th day of November, 2016.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE