IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 1:14cr417-MHT |
| | ) | (WO) |
| DERYKE MATTHEW PFEIFER | ) | |

OPINION AND ORDER

This cause is before the court on the request by the Federal Bureau of Prisons (BOP) for another 120-day treatment and evaluation period as to defendant Deryke Matthew Pfeifer, who is currently incompetent to stand trial. Based on the written report of a BOP forensic psychologist and the representations of the parties and guardian ad litem during an on-the-record conference call on April 28, 2017, the court concludes that the request should be granted.

The indictment in this case charges that Pfeifer "did knowingly and willfully make a threat to take the life of, to kidnap, and to inflict bodily harm upon the President of the United States of America," in violation of 18 U.S.C. § 871(a). After an evidentiary hearing, the court previously concluded that Pfeifer is

suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him and to assist properly in his defense.  See 18 U.S.C. § 4241(d); United States v. Pfeifer, 121 F. Supp. 3d 1255, 1256-58 (M.D. Ala. 2015) (Thompson, J.) (outlining the court's previous rulings in this case).  This court concluded, after a two-day hearing pursuant to Sell v. United States, 539 U.S. 166 (2003), that Pfeifer should be medicated over his objection, relying on the conclusion of his doctors that Pfeifer is not likely to regain capacity without the benefit of antipsychotic or other medication. United States v. Pfeifer, 140 F. Supp. 3d 1271, 1274 (M.D. Ala. 2015) (Thompson, J.).  The order permitting Pfeifer to be involuntarily medicated went into effect on October 31, 2016, and he was admitted to the BOP Medical Center in Butner, North Carolina on December 13, 2016.  The order permitting the government to involuntarily medicate Pfeifer was to remain in effect

2

for a period of no longer than four months.  See 18 U.S.C. § 4241(d)(1).

The BOP has now requested an additional 120-day period for the treatment and evaluation of Pfeifer.  An additional period of hospitalization for treatment may be granted "if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward."  18 U.S.C. § 4241(d)(2)(A).

The most recent BOP forensic evaluation of Pfeifer indicates that he has demonstrated only "limited improvement" thus far, and describes him as continuing to display an "irrational understanding of his case and court proceedings."  March 31, 2017 Forensic Evaluation (doc. no. 162) at 8, 9.  However, when medical staff have been able to confirm Pfeifer's receipt of antipsychotic medication, they have observed behavioral improvements relevant to Pfeifer's competency to stand trial.  For example, when Pfeifer initially received

the medication in injectable form, medical staff observed that Pfeifer's speech was "less pressured" and his mood was "upbeat." Id. at 6. In contrast, staff observed an apparent return to a greater state of agitation during the time when staff suspected that Pfeifer was not consistently consuming the medication.

After experiencing side effects associated with injections of antipsychotic medications, Pfeifer agreed to switch to oral administration of his medication. However, his compliance was allegedly inconsistent until a recent switch to increase the dosage (from 5 mg to 10 mg) and change the form to a dissolving tab; the dissolving form allows staff to better ensure that he has taken the medication. Pfeifer has been consistently consuming this new form of medication for only approximately one month, but staff have again observed some behavioral improvements. In early March 2017, Pfeifer appeared less agitated and hostile, and nursing staff observed his improved ability to sleep through the night. By late March 2017, Pfeifer

4

"presented as significantly less agitated than prior interactions." Id. at 6. In light of Pfeifer's change in medication and its expected effect so long as Pfeifer continues to comply with the regimen, the forensic psychologist opined that Pfeifer "remains likely to improve with continued treatment with medication." Id. at 9.

In light of the modest yet nonetheless real progress that medical staff have observed in Pfeifer during the short period of time that he has been reliably taking medication, and the previous testimony during the Sell hearing about the likelihood of Pfeifer's improvement with antipsychotic medication, the court concludes that there is a substantial probability that Pfeifer will attain the capacity to permit the proceedings to go forward with continued treatment for the requested additional 120-day period. 18 U.S.C. § 4241(d)(2)(A). The finding that the 120-day time period is appropriate is based primarily on the prior testimony of Dr. Alton Williams, M.D.,

J.D., one of the doctors whose testimony formed the basis for Pfeifer's treatment plan. Dr. Williams testified that most defendants receiving antipsychotic medication will attain competency within a four-month period. Because Pfeifer has been consistently consuming medication for only one month, the additional 120-day period will allow him to follow the regimen consistently for the period of time originally anticipated to be necessary to restore his competence.*

---

\* Further, although no party objects to Pfeifer's continued involuntary medication, the court finds that the circumstances present at the time of the opinion approving Pfeifer's involuntary medication remain in effect and the record, findings, and holdings of that opinion are incorporated by reference. See United States v. Pfeifer, 140 F. Supp. 3d 1271 (M.D. Ala. 2015) (Thompson, J.). Further, the evidence supporting the conclusion that there is a "substantial probability" that Pfeifer will attain capacity also supports the conclusion that "administration of the drugs is substantially likely to render the defendant competent to stand trial." Sell, 539 U.S. at 181.

***

Accordingly, it is ORDERED as follows:

(1) The Bureau of Prisons' request to commit defendant Deryke Matthew Pfeifer for an additional 120 days (doc. no. 162) is granted.

(2) The conditions applicable to the government's efforts to restore defendant Pfeifer's competency (doc. no. 142), including the reporting requirements and deadline for requesting an additional period of treatment, shall remain in effect.

The clerk of the court is DIRECTED to furnish a copy of this order via facsimile and email to J.C. Holland, Complex Warden, United States Bureau of Prisons Federal Medical Center at Butner, North Carolina.

DONE, this the 2nd day of May, 2017.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**