IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 1:14cr417-MHT |
| | ) | (WO) |
| DERYKE MATTHEW PFEIFER | ) | |

OPINION AND ORDER

The Bureau of Prisons (BOP) has requested a second 120-day extension of the treatment and evaluation period for defendant Deryke Matthew Pfeifer, who has been found to be currently mentally incompetent to stand trial. Based on a forensic psychologist's written report, as well as her testimony, a psychiatrist's testimony, and the representations of the parties and guardian ad litem all at an on-the-record hearing on October 16, 2017, the court will grant the request. Because the parties agree that the previous extension period expired on August 30, 2017, today's extension will run retroactively from that date and will expire on December 28, 2017.

In this criminal case it is charged that Pfeifer "did knowingly and willfully make a threat to take the life of, to kidnap, and to inflict bodily harm upon the President of the United States of America," in violation of 18 U.S.C. § 871(a). After an evidentiary hearing, the court, relying on 18 U.S.C. § 4241(d), previously concluded that Pfeifer is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him and to assist properly in his defense. *See United States v. Pfeifer*, 121 F. Supp. 3d 1255, 1256-58 (M.D. Ala. 2015) (Thompson, J.) (outlining the court's previous rulings in this case). After Pfeifer's doctors concluded that he is not likely to regain capacity without the benefit of antipsychotic or other medication and after he had refused to take such medication, this court concluded, after a two-day hearing pursuant to *Sell v. United States*, 539 U.S. 166 (2003), that he should be medicated over his objection.

*United States v. Pfeifer*, 140 F. Supp. 3d 1271, 1274 (M.D. Ala. 2015) (Thompson, J.), aff'd, 661 Fed. Appx. 618 (11th Cir. 2016), cert. denied, 137 S. Ct. 412 (2016). The order permitting Pfeifer to be involuntarily medicated went into effect on October 31, 2016, and he was admitted to the BOP's Federal Medical Center Butner on December 13, 2016.

Based on evidence that Pfeifer had been reliably taking his medication for only one month; that medical staff observed he had made "modest yet nonetheless real progress" during that time; and that delusional disorder frequently requires several months of treatment in order to restore competency effectively, the court, on May 1, 2017, granted the BOP's first request for a 120-day extension of treatment period. At that time the court also extended its previous *Sell* order, noting that no party objected to that extension.

The BOP has now requested a second 120-day extension for the treatment and evaluation of Pfeifer. An additional period of hospitalization for treatment

3

may be granted "if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward." 18 U.S.C. § 4241(d)(2)(A).

The most recent forensic evaluation of Pfeifer indicates that "he has shown improvement with antipsychotic medication regarding his level of agitation and disruptive behavior." August 21, 2017 Forensic Evaluation (doc. no. 169) at 8-9. However, the report states that he continues to harbor delusional beliefs and an irrational understanding of his case and court proceedings, and the report therefore opines that he remains incompetent to stand trial. *Id.* at 9.

In light of the marked progress that medical staff has observed in Pfeifer during the court's previous extension; the testimony of Butner clinicians at the hearing on October 16, 2017; and previous *Sell* hearing testimony about the likelihood of Pfeifer's improvement

4

with antipsychotic medication, the court now concludes that there is a substantial probability that Pfeifer will, within the requested additional 120-day treatment period, attain the capacity to permit the proceedings to go forward. 18 U.S.C. § 4241(d)(2)(A).

The court finds that there is a substantial probability of Pfeifer's restoration based primarily on the October 16, 2017, testimony of forensic psychologist Allissa Marquez, Ph.D., and psychiatrist Logan Graddy, M.D., who have managed Pfeifer's treatment plan since he arrived at the Butner facility. Both Marquez and Graddy testified that during the first extension period they noticed a marked decrease in Pfeifer's level of agitation and hostility toward staff. While Pfeifer had previously been loud in his cell and stalked medical staff when they entered his cell unit, Marquez observed that, now, he is polite to staff and largely keeps to himself and his peers. Indeed, Pfeifer's demeanor at the hearing displayed a significant change from his past agitation, as Pfeifer

5

sat quietly throughout the hearing and responded appropriately to the court's questioning. Based on their observations, Marquez and Graddy remained "hopeful," if also guarded, in their prognosis of Pfeifer's restoration during a second extension period.

Further, evidence at the hearing regarding the restoration rates of other inmates with delusional disorder suggested that Pfeifer's condition may respond to additional treatment in the coming months. Both Marquez and Graddy testified to knowledge that detainees at Butner suffering from delusional disorder have a restoration rate of approximately 75 % within a year of taking psychotropic medications. They each further opined that the benefits of this treatment manifest gradually and that individuals with delusional disorder often do not attain competency until about a year of such treatment. Dr. Graddy explained that individuals with delusional disorder recover by gradually "letting go" of delusional beliefs, and that beliefs that are deeply held or which have been held

6

for significant periods of time may require longer treatment. Because Pfeifer has apparently harbored his delusional beliefs for some time, Graddy concluded that his condition may be taking longer to improve, and may respond to additional treatment.

In addition, the court relies upon the prior testimony of Dr. Alton Williams, M.D., J.D., and Dr. David Ghostley, Psy.D, who testified at Pfeifer's *Sell* hearing. Dr. Williams stated that treatment of delusional disorder with antipsychotic medication is 75-80 % effective. Although he observed that most defendants receiving antipsychotic medication will attain competency within a four-month period, he noted that treatment could sometimes take longer, and that treatment was more difficult with individuals who had harbored their delusions for longer periods of time. Dr. Ghostley reported that by Pfeifer's own representations, Pfeifer's delusions may date back to around 2005. However, Ghostley also explained that their actual duration cannot be ascertained, because

Pfeifer's representations as to his mental-health history are unreliable due to his delusions. In any case, it appears that Pfeifer has harbored his delusions for several years prior to receiving treatment, which, according to the testimony of Dr. Graddy, means that his restoration would require longer treatment than individuals with a shorter duration of delusional disorder would.

Based on Pfeifer's progress during the first extension of his treatment period, as well as evidence suggesting that his delusional disorder may respond to additional months of treatment, the court finds that there is a substantial probability that he will attain competency during the requested second extension period.*

---

\*   Further, although no party has objected to Pfeifer's continued involuntary medication in the event that BOP is granted a second extension of treatment period, the court re-adopts its original finding that Pfeifer should be medicated even over his objection, and the record, findings, and holdings of that opinion are incorporated by reference.  *See United States v.* (continued...)

****

Accordingly, it is ORDERED as follows:

(1) The Bureau of Prisons' request to commit defendant Deryke Matthew Pfeifer for a second 120-day extension for treatment and evaluation (doc. no. 169) is granted, and the period of commitment is extended through December 28, 2017.

(2) The conditions applicable to the government's efforts to restore defendant Pfeifer's competency, *see* Order Setting Conditions to Apply to the Government's Efforts to Restore Defendant Pfeifer's Competency (doc. no. 142), including monthly progress reports and the

---

*Pfeifer*, 140 F. Supp. 3d 1271, 1274 (M.D. Ala. 2015) (Thompson, J.). Specifically, the court finds that the circumstances present at the time of that opinion remain in effect. In addition, the evidence supporting the conclusion that there is a "substantial probability" that Pfeifer will attain the capacity to permit the proceedings to go forward in the additional 120-day period also supports the current conclusion that "administration of the drugs is substantially likely to render the defendant competent to stand trial." *Sell*, 539 U.S. at 181.

deadline (here, December 7, 2017) for requesting an additional period of treatment, shall remain in effect.

The clerk of the court is DIRECTED to furnish a copy of this order via facsimile to J.C. Holland, Complex Warden, United States Bureau of Prisons Federal Medical Center at Butner, North Carolina.

DONE, this the 30th day of October, 2017.

    /s/ Myron H. Thompson
    **UNITED STATES DISTRICT JUDGE**