**IN THE DISTRICT COURT OF THE UNITED STATES FOR THE**

**MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **CRIMINAL ACTION NO.** |
| **v.** | ) | **1:14cr417-MHT** |
| | ) | **(WO)** |
| **DERYKE MATTHEW PFEIFER** | ) | |

**ORDER**

This criminal cause is before the court on the question whether defendant Deryke Matthew Pfeifer should be conditionally released. On March 8, 2018, this court determined, after an evidentiary hearing, that Pfeifer was mentally incompetent to stand trial, and that there was not a substantial probability that he could be restored to mental competency in the foreseeable future. *See United States v. Pfeifer*, No. 1:14cr417-MHT, 2018 WL 1210962 (M.D. Ala. Mar. 8, 2018). The court also ordered an evaluation by mental-health professionals at the Federal Bureau of Prisons, whose task was to determine whether Pfeifer's release would create a substantial risk of bodily injury to another person or serious damage to property

of another. So that he can be conditionally released immediately, the court is entering the order for his release today with an opinion to follow.

Accordingly, it is ORDERED and DECLARED that defendant Deryke Matthew Pfeifer's conditional release would not create a substantial risk of bodily injury to another person or serious damage to property of another.

It is further ORDERED that defendant Pfeifer shall be immediately released pursuant to 18 U.S.C. § 4246(e) and subject to the following conditions:

(1) Defendant Pfeifer shall reside at the home of his niece, at the address stated today in open court, or at another residence approved by his probation officer.

(2) It is strongly <u>recommended</u> that he participate in a mental-health assessment, take his antipsychotic medication as prescribed, and participate regularly in mental-health counseling.

(3) He shall report to the probation officer in a manner and frequency directed by the court or probation officer.

(4) He shall not leave the judicial district without the permission of the court or probation officer.

(5) He shall submit to a search of his person, residence, office, or vehicle pursuant to the search policy of the court.

(6) He shall permit a probation officer to visit him at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer.

(7) He shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

(8) He shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer.

(9) He shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

(10) He shall participate in a substance-abuse assessment at Chemical Addictions Program (CAP), Inc.

(11) He shall not use or possess any alcoholic beverages.

(12) While on conditional release, he shall not commit another federal, state or local crime. He shall not illegally possess a controlled substance. To that end, he shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.

(13) He shall not possess a firearm, destructive device, or other dangerous weapons.

It is further ORDERED that, because defendant Pfeifer's conditional release is indefinite, the court will hold periodic reviews on the following two issues: (1) whether the conditions for his release should be

terminated and he should be unconditionally released; and (2) whether the conditions for his release should be modified and subjected to a later review by this court.

DONE, this the 26th day of July, 2018.

                               /s/ Myron H. Thompson
                              UNITED STATES DISTRICT JUDGE